PLAGE R, Circuit Judge,
dissenting.
I respectfully dissent.
As the court notes in its opening paragraph, this is a case of contract interpretation under Florida state law. The district judge in this case has been interpreting Florida state law for many years;[1] we almost never do. The particular issue here is how to interpret the Florida cases addressing the question of what it takes to constitute an enforceable attorney fee provision. The Florida cases, as the majority grudgingly admits, are strict with regard to what qualifies. See maj. op. at 988-89. The trial court concluded that the particular language in our case fails to meet the standard required by the Florida courts. Even if there were any real question about whether the trial court is correct — and in my view there is not — I would feel it appropriate to defer to the district judge’s reasoned explanation of what his state’s law requires, and why the facts in this case do not meet that standard.
Picking at and distinguishing away cases on the basis of their different facts, without respecting their basic policy point, is not my view of how this case should have been decided. The district court’s judgment should be affirmed without cavil. I respectfully dissent from our failure to do so.

. Judge Marra of the Southern District of Florida has been on the Florida bench for some thirteen years — first as a state court judge, and for the past seven years as a federal district judge.